**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

JACQUELYNN (JACKIE) L. JACKS,    )
                                     )
                Plaintiff,    )
                                     )
vs.                                )     Case No. CIV-16-805-M
                                     )
VANDERBILT MORTGAGE AND    )
FINANCE, INC.,               )
                                     )
              Defendant.    )

## ORDER

Before the Court is defendant Vanderbilt Mortgage and Finance, Inc.'s ("VMF") Motion for Judgment on the Pleadings, filed August 30, 2016. On September 20, 2016, plaintiff filed her response, and on September 27, 2016, VMF filed its reply. Based upon the parties' submissions, the Court makes its determination.

This is the third action brought by plaintiff in connection with a manufactured home constructed by CMH Manufacturing, Inc. ("CMH Manufacturing") and sold to plaintiff by CMH Homes, Inc. ("CMH Homes"). The first action was filed in the District Court of Stephens County, State of Oklahoma on December 21, 2012, against CMH Homes, CMH Manufacturing, and VMF, alleging negligence and manufacturer's products liability. Plaintiff amended the complaint on December 4, 2014, adding breach of implied warranty of habitability and rescission claims. CMH Homes and CMH Manufacturing removed the case to this Court on January 12, 2015, and subsequently moved to dismiss the claims for failure to obtain service within 180 days under Okla. Stat. tit. 12, §§ 2004(I), 2012(b)(5). On May 5, 2015, the Court dismissed the claims against CMH Homes and CMH Manufacturing. On June 4, 2015, the Court dismissed the claims against VMF without prejudice for untimely service.

The second action was filed in the District Court of Stephens County, State of Oklahoma on December 23, 2014, against CMH Homes, CMH Manufacturing, and VMF, alleging the same causes of action – negligence, manufacturer's products liability, breach of implied warranty of habitability, and rescission. VMF was never served. CMH Homes and CMH Manufacturing removed the case to this Court on January 14, 2015. This Court dismiss VMF on July 24, 2015 based upon plaintiff's failure to timely serve it with the summons and complaint.

The third, and instant, action was filed by plaintiff in the District Court of Stephens County, State of Oklahoma on June 28, 2016 against VMF alleging the same causes of action – negligence, manufacturer's products liability, breach of implied warranty of habitability, and rescission. VMF removed this action to this Court on July 15, 2016. VMF now moves, pursuant to Federal Rule of Civil Procedure 12(c), for a judgment on the pleadings in its favor because (1) plaintiff's claims are time-barred, and (2) the FTC Holder Rule does not permit plaintiff to impose liability on VMF for claims that plaintiff may have against the manufacturer of the home, CMH Manufacturing.[1]

VMF contends that the statute of limitations has expired on each of plaintiff's claims. In Oklahoma, the statute of limitations on a claim for negligence is two years. *See* Okla. Stat. tit. 12 § 95(A)(3). Further, under Oklahoma law, a negligence claim accrues, and the statute of limitations runs, when injury to the plaintiff is certain and not speculative. *See Cabinet Solutions, LLC v. Kelley*, 288 P.3d 254, 257 (Okla. Civ. App. 2012). Oklahoma also applies a discovery rule such that the statute of limitations is tolled until the plaintiff is put on reasonable notice of injury. *See Marshall v. Fenton, Fenton, Smith, Reneau & Moon, P.C.*, 899 P.2d 621, 624 (Okla. 1995).

---

[1]Because the Court finds that plaintiff's claims are time-barred, the Court finds it need not address VMF's other basis for judgment on the pleadings.

Additionally, in Oklahoma, the statute of limitations on a products liability claim is two years. *See Fuchs v. Fleetwood Homes of TX*, 149 P.3d 1099, 1101 (Okla. Civ. App. 2006). Oklahoma's discovery rule also applies to products liability claims. *See Daugherty v. Farmers Coop. Ass'n*, 689 P.2d 947, 950-51 (Okla. 1984).

In her Petition, plaintiff alleges that CMH Manufacturing was negligent in its installation of the manufactured home's water system and CMH Homes was negligent in its attempts to repair the water leaks that caused reoccurring mold issues. Additionally, plaintiff alleges that the manufactured home was unreasonably dangerous at the time it left the possession of the manufacturer and at the time CMH Homes sold it to her. Plaintiff alleges the hidden defects consisted of an improperly designed and/or improperly installed water system. Based upon the above-alleged facts, the Court finds the two year statute of limitations period began to run when plaintiff discovered in late December 2010 that the home had suffered damage because of an alleged water leak and expired two years later in December 2012, approximately three and one-half years before the instant action was filed. Additionally, assuming plaintiff has a second negligence, and perhaps products liability, cause of action based upon mold from a water leak found in a different location than the first leak, that cause of action would have accrued in November 2012 when she found the mold and expired two years later in November 2014, approximately a year and a half before the instant action was filed.

In her response, plaintiff alleges the time for bringing claims for negligence and products liability involving an improvement made to real property is governed by Okla. Stat. tit. 12, § 109. However, "Section 109 is not a statute of limitations; it is a statute of repose. . . . It sets an outer boundary in time beyond which no cause of action may arise for conduct that would otherwise have

been actionable." *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.*, 782 P.2d 915, 919 (Okla. 1989). Further, the Oklahoma Supreme Court has distinguished a statute of limitation from a statute of repose as follows:

> a *statute of limitation* serves to place a limit on the plaintiff's time to bring an action. After the prescribed time period has lapsed, a statute of limitation serves to *extinguish the remedy* for the redress of an *accrued* cause of action. A *statute of repose*, by way of contrast, restricts potential liability by limiting the time during which a cause of action can arise. It thus serves to bar a cause of action before it accrues. In a practical sense, a *statute of limitation* implicitly seeks to punish those who sleep on their rights, while the *statute of repose* operates to bar some plaintiffs' recovery, no matter how diligent they may have been in asserting their claims.

*Smith v. Westinghouse Elec. Corp.*, 732 P.2d 466, 468 n.11 (Okla. 1987) (emphasis in original). In the case at bar, plaintiff's negligence and products liability causes of action have accrued and, thus, the two year statute of limitations would apply to these causes of action rather than the statute of repose set forth in Section 109.

In Oklahoma, the statute of limitations for breach of implied warranty on a sale of goods is five years. *See* Okla. Stat. tit. 12A, § 2-725(1) ("An action for breach of any contract for sale must be commenced within five (5) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it."). A manufactured home is a "good" under Okla. Stat. tit. 12A, § 2-105(1). *See Cochran v. Buddy Spencer Mobile Homes, Inc.*, 618 P.2d 947, 950 (Okla. Civ. App. 1980). Additionally, the statute of limitations on a breach of warranty claim begins to run at the time the allegedly insufficient goods are delivered and a breach occurs. Okla. Stat. tit. 12A, § 2-725(2) provides:

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where

> a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Okla. Stat. tit. 12A, § 2-725(2).

In her Petition, plaintiff alleges:

> That the manufactured home, after it was installed and made a permanent part of the land, was not fit for human habitation as a result of the multiple plumbing leaks in the hidden areas of the home, which resulted in multiple incidences of toxic mold forming in various areas of the home, which toxic mold resulted in the Plaintiff's family having suffered health problems requiring medical treatment on numerous occasions.

Petition at ¶ 20. Plaintiff further alleges that the manufactured home was delivered and installed in January, 2010. *See* Petition at ¶ 4. Based upon these allegations, the Court finds that plaintiff's breach of implied warranty of habitability cause of action accrued in January, 2010 when the home was delivered and installed and expired five years later in January, 2015, approximately one and a half years before the instant action was filed.

In Oklahoma, the statute of limitations for rescission is five years. *See* Okla. Stat. tit. 12A, § 2-725(1); Okla. Stat. tit. 12, § 95(1). As set forth above, the manufactured home was delivered and installed in January, 2010. Accordingly, the Court finds that plaintiff's rescission cause of action accrued in January, 2010 and expired five years later in January, 2015, approximately one and a half years before the instant action was filed.

Relying on Okla. Stat. tit. 12, § 100, plaintiff asserts that her causes of action are timely. Section 100 provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and

> the cause of action survive, his representatives may commence a new
> action within one (1) year after the reversal or failure although the
> time limit for commencing the action shall have expired before the
> new action is filed.

Okla. Stat. tit. 12, § 100. Plaintiff asserts that the first action was dismissed without prejudice on

June 4, 2015, and the instant action was filed on June 2, 2016, less than one year later, and this

action, therefore, is timely under Section 100. VMF, however, asserts that Section 100 does not save

plaintiff's claims because plaintiff misconstrues the effective date of dismissal. Specifically, VMF

contends that the effective date of dismissal, i.e., failure of the action other than on the merits, is not

the date of this Court's order dismissing VMF on June 4, 2015, but is June 20, 2013, the date of

dismissal by operation of law under Okla. Stat. tit. 12, § 2004(I).

Section 2004(I) provides, in pertinent part:

> If service of process is not made upon a defendant within one
> hundred eighty (180) days after the filing of the petition and the
> plaintiff cannot show good cause why such service was not made
> within that period, the action shall be deemed dismissed as to that
> defendant without prejudice.

Okla. Stat. tit. 12, § 2004(I). This section has been interpreted to mean that an action is deemed

dismissed – the effective date of a dismissal – on the 181st day after the filing of the petition, rather

than the date of the order of dismissal, if the plaintiff has not shown good cause why service was not

made. *See Moore v. Sneed*, 839 P.2d 682 (Okla. Civ. App. 1992). In the first action, plaintiff was

given the opportunity to show cause why the claims against VMF should not be dismissed for failure

to timely serve VMF. *See* May 5, 2015 Order [docket no. 21 in Case No. CIV-15-34-M]. Plaintiff

did not respond to the Court's May 5, 2015 Order, and the Court dismissed plaintiff's claims against

VMF without prejudice. *See* June 4, 2015 Order [docket no. 23 in Case No. CIV-15-34-M].

Because plaintiff did not show good cause why service was not made, the Court finds that the first

action was deemed dismissed as to VMF on June 20, 2013, the 181st day after the filing of the petition. Further, because the instant action was filed more than a year after June 20, 2013, the Court finds that the instant action is not timely even if Section 100 is applied.

Accordingly, the Court GRANTS VMF's Motion for Judgment on the Pleadings [docket no. 13] and DISMISSES the instant action.

**IT IS SO ORDERED this 3rd day of October, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE